

**FILED**

*6:32 pm, 11/8/23*

**Margaret Botkins**
**Clerk of Court**

**JOSHUA C. SPENCER**
TX State Bar No. 24067879
NM State Bar No. 138310
1009 Montana Ave.
El Paso, Texas 79902
Tel: (915) 800-0691
Fax: (915) 532-7535
joshua@lawrhinos.net

*Pro Hac Vice* **(pending)**

**ROBERT MOXLEY**
WY Bar No. 5-1726
2718 O Neil Ave.
Cheyenne, WY 82001
Tel: (307) 632-1112
vaccinelawyer@gmail.com

ATTORNEYS FOR PLAINTIFF

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

MELANIE M. PETERSON,                       )
                                           )
    Plaintiff,                          )
                                           )     Case No.  1:23-CV-210-SWS
v.                                         )
                                           )
DUSTIN KIRSCH in his official and individual capacity,   )

1

ADAM HYMUS in his official and individual capacity,    )
BILL BERES in his official and individual capacity, LEE )
LIVINGSTON in his official and individual capacity,    )
IRAH LEONETTI in his official and individual capacity  )
CHRIS QUEEN in his official and individual capacity,   )
BUBBA HALEY in his official and individual capacity,   )
JOHN DEMAREE in his official and individual capacity,  )
JON STEPHENS in his official and individual capacity,  )
JAKE KETTLEY in his official and individual capacity,  )
KYLE LASH in his official and individual capacity,     )
GRANT GERHARTER in his official and individual         )
 capacity TRAVIS CRANE in his official and individual  )
capacity, WYOMING BOARD OF PROFESSIONAL                )
OUTFITTERS AND GUIDES, STATE OF WYOMING                 )
GAME AND FISH DEPARTMENT AND SUBLETTE                   )
COUNTY SHERIFF'S DEPARTMENT,                            )
                                                        )
        Defendants.                                     )

---

## COMPLAINT

---

### I.  Introduction

This is a civil action arising from the unlawful search and invasion of privacy of MELANIE PETERSON, herein referred to as Plaintiff.  Defendant members of the Wyoming Game and Fish Department executed a search warrant and violated a Protective Order, exceeding the scope a search warrant, causing serious and permanent damage to Plaintiff. The Defendants are sued for violations of the Plaintiff's rights under the United States Constitution and common law torts.

### II.  Jurisdiction and Venue

1. This Court has federal question jurisdiction under 42 U.S.C. §1983 to hear the federal Civil Rights violations in this matter under 28 U.S.C. §1331 and 28 U.S.C. §1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. §1367.

2. Venue is proper under 28 U.S.C. §1391 because the acts giving rise to this lawsuit occurred in the District of Wyoming.

3. Wyoming Game and Fish Department, the Wyoming Board of Professional Outfitters and Guides, and the Sublette County Commissioners were given timely notice of this claim under Wyoming Statute § 1-39-113, by certified mail letter on August 8, 2023.

4. The time limits imposed by the Wyoming Governmental Claims Act serve as the sole prerequisite to filing suit against Defendant, and Plaintiff has met all such statutory requirements.

5. On or about August 14, 2023, Plaintiff served a Notice of Claim upon the Chairman of the Sublette County Commission and the Sublette County Clerk, both by certified mail, return receipt requested, addressing all claims which give rise to this suit in accordance with the Wyoming law.

6. On or about August 10, 2023, Plaintiff served a Notice of Claim upon Defendants Board of Professional Outfitters and Guides, the Wyoming Game and Fish Commission, and the Director of the General Services Division of the Wyoming Department of Administration and Information at their business office, by certified mail, return receipt requested, addressing all claims which give rise to this suit in accordance with the Wyoming law. An Amended Notice of Claim was served on August 10, 2023, upon Defendants Board of Professional Outfitters and Guides, the Wyoming Game and Fish Commission, and the Director of the General Services Division of the Wyoming Department of Administration and Information at their business offices, by certified mail, return receipt requested, addressing all claims which give rise to this suit in accordance with the Wyoming law.

3

7.  By and through the forwarding and receipt of the Notice of Claim upon the Defendant, Plaintiff met all requirements of relevant statutes, Wyo. Const. Art. 16, §7 and any other relevant provisions of the Wyoming Constitution and those relevant additional judicially created rules including but not limited to the following:

a.  The Notice of Claim was certified by the Claimant under the penalty of perjury under oath;
b.  The Notice of Claim presented an itemized statement of the claim, including the amount of the claim;
c.  The time, place and circumstances of the loss and injury, and the names of the public employees involved were all identified in the Notice of Claim.

8.  Because Plaintiff met all administrative, statutory, and judicially created requirements which serve as a condition precedent to filing a lawsuit against a governmental entity, this Court has jurisdiction to hear this case.

### III.   Parties

9.  The Plaintiff, MELANIE PETERSON, at all times relevant has been a resident of the State of Wyoming.

10.  At all times relevant to the Complaint, DUSTIN KIRSCH was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

11.  At all times relevant to the Complaint, ADAM HYMUS was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

12.   At all times relevant to the Complaint, BILL BERES was an employee of the Wyoming State Board of Outfitters and Guides acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law He is sued in his official and individual capacity.

13.   At all times relevant to the Complaint, LEE LIVINGSTON was an employee of the Wyoming State Board of Outfitters and Guides acting under color of law and within the scope of his employment. He is sued in his official and individual capacity.

14.   At all times relevant to the Complaint, IRAH LEONETTI was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

15.   At all times relevant to the Complaint, CHRIS QUEEN was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

16.   At all times relevant to the Complaint, BUBBA HALEY was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

17.   The Defendant, JOHN DEMAREE, acting within the scope of his employment. He is sued in his official and individual capacity.

18.   At all times relevant to the Complaint, JOHN STEPENS was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the

scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law He is sued in his official and individual capacity.

19.  At all times relevant to the Complaint, JAKE KETTLEY was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

20.  At all times relevant to the Complaint, KYLE LASH was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

21.  At all times relevant to the Complaint, GRANT GERHARTER was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

22.  At all times relevant to the Complaint, TRAVIS CRANE was a duly sworn Game Warden of the Wyoming Game and Fish Department acting under color of law and within the scope of his employment. He is considered a law enforcement officer within the meaning of Wyoming law. He is sued in his official and individual capacity.

23. The Defendant, WYOMING BOARD OF PROFESSIONAL OUTFITTERS AND GUIDES, is an entity of the State of Wyoming, and is sued along with the officers it employs.

24. Thes State of Wyoming is responsible for the policies and procedures of the STATE OF WYOMING GAME AND FISH DEPARTMENT and the officers it employs.

6

25.  The Defendant, SUBLETTE COUNTY SHERRIFF'S DEPARTMENT, is an entity of the State of Wyoming, and is sued along with the officers it employs.

## IV.  Facts

26. Prior to August 10, 2019, Plaintiff had just recently won a reality show and had just set a new world record with an Air Rifle paving the way for the legalization of hunting big game with Air Rifles. She had an agent and had negotiated several sponsorships and endorsement deals within the industry, developing new and innovative products. She had job offers coming from everywhere.

27.  Plaintiff had a pending offer to sell her lodge and to purchase the outfitting business. This deal would have netted $3 million.  She had over $600,000 in booked hunting business on the books with a three year wait list. She had recently started a new business venture with a former hunting client with plans to start a new coffee shop business in Texas with multiple locations.  She was building a spec house with another former hunting client. They were in the completion stages of expanding the guest capacity and making several improvements to the hunting lodge located in Daniel, Wyoming, in Sublette County.

28.  Plaintiff was a brand ambassador for women's outdoor gear and a spokeswoman for several women's hunting groups. She was one of the most respected female hunters and guide in the industry.  She was often called upon to use her influence and large social media following to help combat issues that threatened hunting and the right to bear arms.

29.  On Friday, August 9, 2021, Plaintiff had a conversation with Defendant Adam Hymus regarding some permission slips for private property access hunting; these are forms used by Game and Fish, and Plaintiff did not have any to use. Because there was a recent change

of ownership for some land that Plaintiff had previously hunted on, Plaintiff wanted to make sure that she had the correct forms signed for the upcoming hunting season.

30.  Defendant Adam Hymus said he could bring the forms on his next trip up towards Plaintiff's location and asked Plaintiff if she would be around the following day, Saturday August 10, 2019, stating he "may be up in the area."  Plaintiff indicated she would be around for part of the morning, but that she had all four of her grandchildren for the weekend with her at the hunting lodge located in Daniel, Wyoming.

31.  On August 10, 2019, Plaintiff was awakened by several Game Wardens, including Defendants Dustin Kirsch and Adam Hymus, who entered onto Plaintiff's property to conduct an interview at 7:15 in the morning and to ask questions about Plaintiff's outfitting hunts.

32.  Defendant Dustin Kirsch pulled a chair out for Plaintiff to sit in the corner, with himself seated at the end of the table and Stroniki directly across from Plaintiff.  Plaintiff's back was pressed against the wall in a corner. Plaintiff answered all of the Warden's questions, until Defendants Dustin Kirsch and Stroinski turned the interview into an interrogation. Plaintiff was called a liar,  yelled at, and made to feel like she was under arrest.

33.  Plaintiff was not allowed to use her phone or talk to her husband. Plaintiff's grandchildren were starting to wake up and were all wondering why armed men were in the house.  Shortly thereafter that Plaintiff was served with Search Warrants.  Plaintiff's grandchildren, only 12 years old, were separated and questioned to the point of tears at the instruction of Dustin Kirsch by a Game Warden "Chris", last name unknown. The Search Warrants were issued based upon numerous clearly false material statements contained in Search Warrant affidavits presented to a State Judge. The warrants prepared by Defendant Game

Wardens which were issued by the State Court and were not particularized, were overbroad, with other constitutionally infirm defects.

34.  Plaintiff's phone and computers were taken and seized, and in violation of the Wyoming and United States Constitutions, Plaintiff was told she would need to unlock the devices and give any passwords, if she wanted to get them returned.

35.  Every phone and computer was located on the premises, 11 devices in all with some devices containing irrelevant private data that existed since 1998. Plaintiff's exhibit A is attached in reference to all items seized pursuant to the August 2019 warrant.  Defendant Dustin Kirsch ended up returning some of the items seized days later. One of the computers no longer works. And another had corrupted files.

36.  Upon information and belief, on September 22, 2021, an external hard drive was delivered to the Sublette County Attorney's office for purposes of uploading any and all discovery regarding the allegations against the Plaintiff, including the data dump from the Plaintiff's phone and computers seized back in August 2019.

37.  On or about September 30, 2021, the Sublette County Attorney's office proposed a Protective Order of confidentiality to restrict dissemination of sensitive private information from Plaintiff's phone and devices, and on October 1, 2021 the Protective Order attached as Exhibit B was entered.  On October 4, 2021, the County Attorney's office disclosed over 3 terabytes of data gathered from Plaintiff's phone and computers; including data from other individuals accused of similar acts as alleged against Plaintiff.

38.  Between October 4, 2021 and December 1, 2021, upon review of the data disclosed to Plaintiff, it became clear that the scope of the search and seizure of Plaintiff's phone and computers exceeded the scope of the warrant. Plaintiff's medical records, medical photos and

attorney-client communications were not redacted from discovery, and sensitive information outside the scope of the warrant was disseminated to other law enforcement agents within the Sheriff's department and other individuals outside the criminal investigation Plaintiff was subjected thereby to violation of the October 1 Protective Order.

39.   On May 9, 2022, the Sublette County Attorney's office conceded in proceedings under Rule 12(b)(3) of the Wyoming Rules of Criminal Procedure that Plaintiff's rights were violated under 4th Amendment of the United States Constitution and Article 1, § 4 of the Wyoming Constitution.

40.   The officers violated Plaintiffs' constitutional rights in entering the apartment without a warrant, in violation of clearly established law.

41.   The conduct alleged violates clearly established constitutional rights of which a reasonable person would have known.

### FIRST CAUSE OF ACTION

**Invasion of Privacy in violation of Plaintiff's Civil Rights pursuant to 42 U.S.C. §1983**

42.   The Plaintiff re-alleges Paragraphs 1 through 41 as if separately set forth.

43.   On or about September 20th, 2021, while Plaintiff was helping pack in a personal hunting camp with Dan McClure, a retired Sublette Couty Deputy, Plaintiff discovered the foregoing facts.

44.   Mr. McClure related that he was concerned about a conversation that he had on or about May 1, 2021, with Defendant Adam Hymus, Game Warden of the Wyoming Game and Fish Department. Mr. McClure related that he was told by Defendant, Adam Hymus that said defendant and other Wyoming Game and Fish Department personal had retrieved several photos and medical records from Plaintiff's personal computers and phone.

45.   Defendant Adam Hymus told Mr. McClure that he wouldn't recognize Plaintiff because she has had a lot of "work done", referring to several seized nude photos of previous plastic surgery.

46.   Defendant Adam Hymus unlawfully divulged protected, confidential and private information to Dan McClure who was not a party to the investigation.

47.   Warden Hymus made these disclosures for the purpose of intentionally embarrassing Plaintiff, causing emotional harm, and invading Plaintiff's privacy.

48.   Plaintiff had a protected liberty interests under the United States Constitution in not being subjected to this unlawful dissemination, and to such cruel and unusual punishment.

49.   Defendants' acts amount to deliberate indifference to Plaintiff's safety and privacy.

50.   Defendants and all of them have contributed and participated in exceeding the scope of the search warrant, and in sharing Plaintiff's private information to individuals outside the investigation without legal authority to do so.

51.   Pursuant to 42 U.S.C. §1983, under the 4th and 14th Amendment to the United States Constitution, Defendants Dustin Kirsch and Sublette County Sheriff's Department owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid unnecessary, unreasonable, invasion of the privacy of Plaintiff, to avoid unlawful activity, and to not act deliberately indifference to Plaintiff's well-established right of privacy.

52.   At all times relevant, all Defendants were deliberately indifferent towards Plaintiff and her constitutionally protected right to privacy, and the right to be free from unreasonable dissemination of her private information.

53.  Defendants have acted deliberate indifferent to well established law, contrary to a Protection Order of a Court, contrary to the United States Constitution, and while acting within scope of employment.

54.  Plaintiff did not consent to any such damage, occupation, or possession of her property, real and personal.

55.  All Defendants were informed the Plaintiff suffered serious damage to her reputation and her invasion of privacy.

56.  It would have been obvious to a lay person or a reasonable law enforcement officer and was, or should have been obvious to all Defendants, that dissemination of Plaintiff's private information required strict compliance with the Protective Order, HIPPA, and the scope of the search warrant.

57.  However, Defendant Dustin Kirsch and the Sublette County Sheriff's Department neglected and failed to have Plaintiff's private information redacted and protected from public dissemination.

58.  Defendant Dustin Kirsch and the Sublette County Sheriff's Department acts or omissions were deliberately indifferent to Plaintiff's right to privacy, and have deprived her of due process under the Fourteenth Amendment, and were an invasion of privacy in violation of the Fourth Amendment, and also Cruel and Unusual Punishment in violation of the Eighth Amendment, enforceable through 42 U.S.C. §1983.

60.  At all times relevant, all Defendants intentionally invaded the right of privacy of Plaintiff and are subject to liability for the resulting harm to the reputation and privacy interest of the Plaintiff.

61.  Plaintiff's right of privacy was invaded by; a) the unreasonable intrusion upon the seclusion of Plaintiff as defined in §652B of the Second Restatement of Torts; b) The appropriation of the Plaintiff's name or likeness, as stated in §652C; and c) the unreasonable publicity given to Plaintiff's private life; as stated in §652D, the that unreasonably places Plaintiff in a false light before the public, as stated in §652E.

## SECOND CAUSE OF ACTION

### Unreasonable Seizure and Unreasonable Search in Violation of the 4th and 14th Amendment of the United States Constitution

62.  The Plaintiff re-alleges Paragraphs 1 through 61 as if separately set forth.

63.  At all times relevant, Defendants Dustin Kirsch, Adam Hymus, Bill Beres, Irah Leonetti, Chris Queen, Bubba Haley, John Demaree, Jon Stephen, Jake Kettley, Kyle Lash, Grant Gerharter, Travis Cran, Dave Siefkes, Brian Nesvick, all employees of Wyoming Game and Fish Department, acted within the course and scope of their employment, under color of State law, clothed with the authority granted to them as Game Warden employee for the Game and Fish Department

64.  Plaintiff had a protected liberty interest under the United States Constitution in not being subjected to unreasonable detention and force, and cruel and unusual punishment as alleged herein, amounting to deliberate indifference to her freedom and privacy.

65. Pursuant to 42 U.S.C. §1983, under the 4th and 14th Amendment to the United States Constitution, Defendant Dustin Kirsch and Defendant John Demaree owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, and excessive force, to avoid unlawful activity, and to not act with deliberate indifference to Plaintiff's freedom and privacy.

66. At all times relevant, Defendant Dustin Kirsch and the Sublette County Sheriff's Department were deliberately indifferent towards Plaintiff and her constitutionally protected right to privacy, and to be free from unreasonable dissemination of personal information, and acted with deliberate indifference to well established law, contrary to the Protective Order entered in State vs. Peterson; CR 2021-0143, in the Circuit Court of Sublette County and contrary to the United States Constitution, while acting within scope of their employment.

67. Plaintiff did not consent to any such damage, occupation, or possession of her property, real and personal, as would be required by the 4th and 14th Amendments of the United States Constitution.

68. Defendant's actions entitle Plaintiff to relief under Restatement of the Law, Second, Torts § 652B (1977), which establishes that a) the form of invasion of privacy covered by this Section does not depend upon any publicity given to the person whose interest is invaded or to her affairs. It consists solely of an intentional interference with her interest in solitude or seclusion, either as to her person or as to her private affairs or concerns, of a kind that would be highly offensive to a reasonable person. It may be by some other form of investigation or examination into her private concerns, as by opening her private and personal mail, searching her safe or her wallet, examining her private bank account, or compelling her by a forged court order to permit an inspection of her personal documents. The intrusion itself makes the defendant subject to liability, even though there is no publication or other use of any kind of the photograph or information outlined. c. The defendant is subject to liability under the rule stated in this Section only when he has intruded into a private place, or has otherwise invaded a private seclusion that the plaintiff has thrown about her person or affairs. Even in a public place, however, there may be some matters about the plaintiff, such as her underwear or lack of it, that

are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters. *d.* There is likewise no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be highly offensive to the ordinary reasonable person, as the result of conduct to which the reasonable person would strongly object.

### THIRD CAUSE OF ACTION
#### Malicious Prosecution

69. The Plaintiff re-alleges Paragraphs 1 through 68 as if separately set forth.

70. According to *Taylor v. Meacham*, 82 F.3d 1556 (10th Cir. 1996), malicious prosecution claims, under the common law elements as the "starting point" of analysis, have the ultimate question of whether plaintiff has proven the deprivation of a constitutional right." Herein, the Sublette County Attorney's Office conceded that Plaintiff's 4th Amendment right under the United States Constitution and Article 1, §4 of the Wyoming Constitution were violated. (See Attached Order Granting Suppression Due to 4th Amendment and Art. 1, Sec. 4 violations for multiple warrants, Exhibit C.)

71. Defendant Dustin Kirsch and Wyoming Game and Fish Department initiated legal action against Plaintiff without reasonable grounds or probable cause to believe Plaintiff was guilty of the alleged wrongdoing.

72. Defendant Dustin Kirsch brought the investigation with malice and acted with an improper motive or desire to harm the Plaintiff.

73. The prosecuting attorney for Sublette County conceded that Defendant Dustin Kirsch violated Plaintiff's constitutional rights pursuant to an agreed Court Order signed by the County Court of Sublette County attached as exhibit C.

15

74. Plaintiff suffered damages as a direct result of Defendant Dustin Kirsch malicious prosecution. These damages include financial losses, emotional distress, and harm to her reputation.

## FOURTH CAUSE OF ACTION
### Abuse of Process

75. The Plaintiff re-alleges Paragraphs 1 through 74 as if separately set forth.

76. Plaintiff alleges that the defendants initiated or continued the prosecution in Sublette County Case No. CR 2021-0143, for an improper or ulterior purpose going beyond the legitimate use of the legal process.

77. Plaintiff alleges that the legal process was wrongfully used, and misused, perverting its proper purpose.

78. Plaintiff alleges that the defendants knowingly and willfully misused the legal process.

79. Plaintiff has suffered actual harm and damages as a direct result of the abuse of process by Defendant Dustin Kirsch and the Sublette County Sheriff's Department; this harm has caused financial, reputational, emotional, or other damages.

## FIFTH CAUSE OF ACTION
### False Arrest and False Imprisonment

80. The Plaintiff re-alleges Paragraphs 1 through 79 as if separately set forth.

81. On August 10, 2019 and November 19, 2019, Defendants Dustin Kirsch, Adam Hymus, Bill Beres, Irah Leonetti, Chris Queen, Bubba Haley, John Demaree, Jon Stephen, Jake Kettley, Kyle Lash, Grant Gerharter, Travis Cran, Dave Siefkes, Brian Nesvick, all employees of Wyoming Game and Fish Department, acting on information used to obtain an illegal warrant, supported by false affidavit testimony,   seized Plaintiff's person and property, including her

family and personal effects.  Said Defendant's searched and detained Plaintiff and her family prior to execution of the illegal warrant for nearly five hours without legal justification, also in violation of the federal and Wyoming Constitutions, and compelled Plaintiff's testimony in violation of the federal and Wyoming constitution.

82.  Employees of Wyoming Game and Fish, Defendants, lacked probable cause to seize Plaintiff's person, property, family, personal belongings, chattels and real and personal property.

83.  The acts of employees of Wyoming Game and Fish were contrary to clearly established law and violated the Plaintiff's right to be free from unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. §1983.

## SIXTH CAUSE OF ACTION
### Fifth and Sixth Amendments – Denial of Right to Counsel

84.  The Plaintiff re-alleges Paragraphs 1 through 83 as if separately set forth.

85.  Defendant Dustin Kirsch and Defendant Adam Hymus detained Plaintiff and asked questions without reading her rights, and although Plaintiff stated she wanted to call her lawyer, Defendant Dustin Kirsch and Defendant Adam Hymus denied that right. In violation of Plaintiff's rights, Defendant's forced and coerced Plaintiff to give up her passwords in violation of the Fourth, Fifth and Sixth Amendments of the United States Constitution.

86.  Defendant Dustin Kirsch and Defendant Adam Hymus acts and omissions denied Plaintiff the Sixth Amendment right to counsel while she was interrogated in custody, and her Sixth Amendment right to counsel for her defense, enforceable through 42 U.S.C. §1983.

## SEVENTH CAUSE OF ACTION
### Trespass to Chattels

87.  The Plaintiff re-alleges Paragraphs 1 through 86 as if separately set forth.

88.  On August 10th, 2019, Defendants Dustin Kirsch, Adam Hymus, Bill Beres, Irah Leonetti, Chris Queen, Bubba Haley, John Demaree, Jon Stephen, Jake Kettley, Kyle Lash, Grant Gerharter, Travis Cran, Dave Siefkes, Brian Nesvick, all employees of Wyoming Game and Fish Department, Defendants in this cause, detained Plaintiff and her family, and seized Plaintiff's property, family and effects prior to execution of the illegal warrant without legal justification.

89.  Defendants lacked probable cause to seize Plaintiff's property, family, personal belongings, chattels and real and personal property.

90.  The acts of employees of Wyoming Game and Fish violated the Plaintiff's right to be free from unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 U.S.C. §1983.

### EIGHTH CAUSE OF ACTION
#### Conversion

91.  The Plaintiff re-alleges Paragraphs 1 through 90 as if separately set forth.

92.  Defendant Dustin Kirsch intentionally exercised control over Plaintiff's property in a manner that is inconsistent with her rights, without her consent, and without legal justification.

93.  Plaintiff had legal ownership of her phone and computers at the time Defendant Dustin Kirsch took Plaintiff's property; Defendant's actions were intentional and deliberate.

94.  Defendant Dustin Kirsch exercised control over Plaintiff's property,  and took action that deprived the Plaintiff of her right to use or possess the property.

95.  Defendant Dustin Kirsch actions was without any legal justification or excuse because the application used to obtain the warrant for the property was based on false information.

18

96.  Plaintiff suffered damages as a result of the Defendant Dustin Kirsch actions; including the loss of use of the property, the cost of replacing the property, and other financial losses.

## NINETH CAUSE OF ACTION
### Slander and Defamation

97.  The Plaintiff re-alleges Paragraphs 1 through 96 as if separately set forth.

98.  On January 10, 2020, while attending the Dallas Safari Club Convention in Dallas, TX, Defendant Lee Livingston, an employee and sitting member of Wyoming State Board of Outfitters and Guides, divulged confidential information about the ongoing investigation and slandered Plaintiff's reputation and business, thereby interfering with a business contract and causing financial harm.

99.  Pursuant to Wyoming law and 42 U.S.C. §1983, under the 4th and 14th Amendment to the United States Constitution, Defendant Lee Livingston owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, and excessive force and to avoid unlawful activity.

## TENTH CAUSE OF ACTION
### Tortious Interference of a Contract

100.  The Plaintiff re-alleges Paragraphs 1 through 99 as if separately set forth.

101.  On January 10, 2020, while attending the Dallas Safari Club Convention in Dallas, TX, Defendant Lee Livingston, an employee and sitting member of Wyoming State Board of Outfitters and Guides, divulged confidential information about the ongoing investigation and Intentionally made false statements Plaintiff's reputation and business and thereby interfering with a business contract and contractual expectancy, causing financial harm.

102.   Pursuant to Wyoming law and 42 U.S.C. §1983, as well as the 4th and 14th Amendment to the United States Constitution, Defendant Lee Livingston owed Plaintiff the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, and excessive force and to avoid unlawful activity.

103.   Defendant Bill Beres advised Outfitter Bruce Lindsey to not purchase the Plaintiff's outfitting business nor would it be advisable for him to be associated as the "outfitter of record" for Big Country Outfitters. Bruce Lindsay hosted a dinner party on or about March 11, 2020 where he recited his conversation that he had with Mr. Beres in front of Plaintiff, and other dinner guests, John Spooner, Heather Spooner and Maureen Rudnick. He said he was spooked by what Defendant Bill Beres had told him about the investigation and for this reason he backed out of the purchase and involvement with Big Country Outfitters.

### ELEVENTH CAUSE OF ACTION
**Intentional Infliction of Emotional Distress**

104.   The Plaintiff re-alleges Paragraphs 1 through 103 as if separately set forth.

105.   The previously alleged events of September 20th, 2021 while Plaintiff was helping pack in a personal hunting camp with Dan McClure, retired Sublette Couty Deputy, and his account of the conversation he had on or about May 1, 2021, with Defendant, Adam Hymus, Game Warden of the Wyoming Game and Fish Department, where Mr. McClure was told by Defendant, Adam Hymus that he and other Wyoming Game and Fish Department personal had retrieved several photos and medical records from Plaintiff's personal computers and phone, and where Defendant Adam Hymus told Mr. McClure that he wouldn't recognize Plaintiff because she has had a lot of "work done", referring to the several nude photos of previous plastic surgery, constitute tortious conduct, and Defendant Adam Hymus unlawfully divulged confidential and

private information to Dan McClure who was not a party to the investigation, for the purpose of intentionally embarrassing Plaintiff and causing emotional harm by invading Plaintiff's privacy.

106. Defendants Dustin Kirsch, Adam Hymus, Wyoming Game and Fish Department, and Sublette County Sheriff's Department behavior was extreme and outrageous.

107. Defendants Dustin Kirsch, Adam Hymus, Wyoming Game and Fish Department, and Sublette County Sheriff's Department intended to cause severe emotional distress or acted recklessly in disregard of the high probability that such distress would occur.

108. Defendants Dustin Kirsch, Adam Hymus, Wyoming Game and Fish Department, and Sublette County Sheriff's Department actions were the proximate cause of Plaintiff's emotional distress.

## DAMAGES

109. Plaintiff incorporates and adopts by reference all the facts and allegations above as though fully set forth herein.

110. As a direct and proximate result of Defendants unconstitutional and willful misconduct, and their intentional and negligent acts and omissions as set forth herein, Plaintiff sustained the following damages in excess of the jurisdictional requirement of this Court:

    a. All economic damages available pursuant to Wyoming law and 42 U.S.C. §§ 1983 and 1988;

    b. All non-economic damages available pursuant to Wyoming law and 42 U.S. §§1983 and 1988;

    c. Punitive damages against Defendant Dustin Kirsch in his Official and Individual Capacity, and Sublette County Sheriff's Department;

d.  Attorney's fees and costs for all claims for relief pursuant to 42 U.S.C. §§1983 and

1988;

e.  Damages to real and personal property including reputation;

f.  Pre-judgment interest; and

g.  All allowable costs, expenses, and fess associated with this litigation.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants and request

that this Honorable Court grant relief as a matter of law.

### JURY TRIAL

The Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

**ROBERT T. MOXLEY**
2718 O Neil Ave.
Cheyenne, WY 82001
Tel: (307) 632-1112
vaccinelawyer@gmail.com

By: _____
ROBERT MOXLEY
WY Bar No. 5-1726

**JOSHUA C. SPENCER**
1009 Montana Ave.
El Paso, Texas 79902
Tel: (915) 800-0691
Fax: (915) 532-7535
joshua@lawrhinos.net

BY:   */s/Joshua C. Spencer*
**JOSHUA C. SPENCER**
State Bar No. 24067879

ATTORNEYS FOR PLAINTIFF